IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GARRETT BROWN,<br>　　　　Plaintiff<br><br>　　v.<br><br>JO ANNE B. BARNHART, Commissioner of<br>Social Security,<br>　　　　Defendant. | C.A. No. 04-270 ERIE<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　　RECOMMENDATION**

　　It is respectfully recommended that Defendant's motion to dismiss [Document # 12] be granted.

**II.　　REPORT**

　　On September 15, 2004, Plaintiff Gregory Garrett Brown, an inmate incarcerated at the Erie County Prison, filed this *pro se* action against Defendant JoAnne B. Barnhart, Commissioner of the Social Security Administration ("SSA"). Plaintiff claims that his rights under the fifth, eighth, and fourteenth amendments to the United States Constitution were violated by Defendant when the SSA stopped sending him his Social Security disability checks in August 2003. (See Complaint at Sections III and IV.C.6). In particular, Plaintiff claims that, in May 2003, he was approved by "the main office" to receive disability benefits, but that he "was suppose [sic] to go see the doctor to get it cleared and justified on record of why [he] was getting the disability checks." (See Complaint at Section IV.C.2-3). However, Plaintiff was picked up by his probation officer on June 5, 2003, and placed in Erie County Prison, after which he received only one disability check in July 2003 before his benefits payments ceased. (See Complaint at Section IV.C.4-6). Plaintiff claims further that he sent a letter to the SSA in August 2004 requesting payment of back benefits, but received no response as of the date he initiated this action on September 15, 2004. (See Complaint at Section IV.C.7). As relief,

Plaintiff seeks an order from this Court requiring the SSA to pay him the total amount of the disability benefits he should have been receiving since August 1, 2003, and to continue sending him monthly benefit checks thereafter.

Defendant has filed a motion to dismiss [Document # 12] asserting that this Court lacks jurisdiction to hear Plaintiff's constitutional claims because they are precluded by the Social Security Act, and that Plaintiff has failed to exhaust his administrative remedies before seeking a review of the Commissioner's final decision. Plaintiff has failed to file a response to Defendant's motion, despite being granted an extension to do so by June 13, 2005. (See Document # 15). This matter is now ripe for consideration

### B.  Standard of Review
#### 1.  Subject Matter Jurisdiction - F.R.C.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

In Mortensen, the Third Circuit delineated the standard of review to be used in a 12(b)(1) motion, as opposed to a motion under 12(b)(6), stating:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. . . .
>
> The procedure under a motion to dismiss for lack of subject

> matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56 . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

549 F.2d 884, 891. Accordingly, no presumptive truthfulness attaches to Plaintiff's allegations regarding subject matter jurisdiction.

### 2.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat

Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz.

    *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

    **C.    Discussion**

        **1    Subject Matter Jurisdiction**

    First, it must be to determined whether this court has jurisdiction over the subject matter, as the federal courts are courts of limited jurisdiction.  In general, federal courts have jurisdiction to hear only those matters brought before them pursuant to Article III of the United States Constitution or pursuant to statutes enacted by Congress under Article III.  Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  Such matters include cases

4

raising a federal question under 28 U.S.C. § 1331, and cases where there is a diversity of citizenship of the parties involved, under 28 U.S.C. § 1332. In this case, Plaintiff does not purport to assert diversity jurisdiction, but instead raises constitutional claims that invoke federal question jurisdiction. However, the genesis of Plaintiff's constitutional claims is the SSA's apparent decision to suspend his disability benefits in or around August 2003. In this context, 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review of claims arising under the Social Security Act. In fact, 42 U.S.C. § 405(h) expressly precludes federal question claims brought under 28 U.S.C. § 1331:

> (h)   Finality of Commissioner's decision
>
> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. **No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.**

(Emphasis added).

Thus, this Court lacks subject matter jurisdiction to consider Plaintiff's constitutional claims against the Defendant arising from the suspension of Plaintiff's Social Security benefits, and such claims should be dismissed.

### 2.   Exhaustion of Administrative Remedies

To the extent Plaintiff asks this Court to review the SSA's decision to suspend his disability benefits, Plaintiff has failed to exhaust his administrative remedies. 42 U.S.C. § 405(g) limits judicial review only to the Commissioner's "final decisions" made after a hearing. Under the Social Security Act, and its implementing regulations, a four-step administrative review process must be completed before a claimant receives a judicially reviewable "final decision." 20 C.F.R. § 416.1400. First, a claimant must receive an initial determination. 20 C.F.R. §§ 416.1400(a)(1) and 1402. Second, if dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. §§ 416.1400(a)(2) and 1407.

Third, if dissatisfied with the reconsideration determination, the claimant may request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. §§ 416.1400(a)(3) and 1429.  Fourth, if dissatisfied with the ALJ's decision, the claimant may request the SSA's Appeals Council to review the ALJ's decision. 20 C.F.R. §§ 416.1400(a)(4) and 1467.  The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the Commissioner's final decision, or the Appeals Council may grant the request and issue its own decision, which then becomes the Commissioner's final decision.  Only after a final decision is reached may a claimant then seek judicial review by commencing an action in federal district court within sixty days after receiving notice of the Appeals Council's decision. 20 C.F.R. §§ 1416.1400(a)(5) and 1481.

Plaintiff's complaint merely indicates that he wrote a letter to the SSA requesting back benefits, to which he had not received a response at the time he initiated this action.  Thus, he clearly did not exhaust his administrative remedies in accordance with the foregoing regulations.[1]

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [Document # 12] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond

---

[1] This fact has been further verified by the Declaration of Robin Marquis, Chief of Court Case Preparation and Review Branch 2 of the SSA's Office of Appellate Operations, Office of Hearings and Appeals, which is appended to Defendant's Memorandum of Law. (See Document # 13, defendant's Memorandum of Law, Exhibit A, at ¶ 3(a)).

thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


                                                  S/Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  Chief U.S. Magistrate Judge


Dated: August 2, 2005

cc:       The Honorable Sean J. McLaughlin
           United States District Judge